**UNIVERSAL ECSCO CORPORATION and Control, Design and Fabricate, Inc.**

v.

**The UNITED STATES.**

No. 234–63.

United States Court of Claims.
May 14, 1965.

---

Marion Edwyn Harrison, Washington, D. C., for plaintiff. Reeves, Harrison, Sams & Revercomb, Washington, D. C., of counsel.

Edgar H. Twine, Washington, D. C., with whom was Asst. Atty. Gen. John W. Douglas, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DAVIS and COLLINS, Judges.

PER CURIAM:

In June 1959, plaintiffs, as joint venturers, contracted with the Government to mechanize the mail-conveyance system in the Philadelphia Post Office. The work was tentatively accepted in June 1961, but under the contract the plaintiffs guaranteed the equipment for one year. Prior to completion of that obligation, plaintiffs requested (by a letter of July 26, 1962) the contracting officer to grant additional compensation "under the above contract" in the amount of $524,628.30 for specified items, and sought "a change order" to that effect. The gravamen of the claim was undue delay and extra costs said to be attributable to the defendant and another contractor. The contracting officer indicated from time to time that he was collecting information on these claims, but although plaintiffs prodded he did not issue any decision or findings. On July 5, 1963, he wrote that he intended to hand down a formal decision by September 1, 1963. Before that date, however, plaintiffs filed their petition in this court (on August 19, 1963), claiming damages for breach of contract in the same amount and for the same items as had been raised before the contracting officer. As a result of the institution of the suit, the contracting officer never issued his determination, but he has informed the court and plaintiffs of the contents of the adverse decision he anticipated rendering.

Defendant has moved to dismiss the petition on the ground that plaintiffs have failed to exhaust their administrative remedies within the Post Office Department. There can be no suit, the Government says, until the contracting officer has made his decision and the plaintiffs have pursued the appellate remedy established by the Disputes clause of the contract. We reject this position because the items claimed, despite the way plaintiffs characterized them in submitting the matter to the contracting officer, do not properly come under the Changes article or otherwise fall within the jurisdiction of the contracting officer to grant relief under this contract. The Changes provision of this agreement (the standard supply contract form) covered modifications in (i) "drawings, designs, or specifications, where the supplies to be furnished are to be specially manufactured for the Government in accordance therewith", (ii) "method of shipment or packing", and (iii) "place of delivery." There was no clause pertaining to changed conditions.

■ Most of the contractor's complaints relate to asserted interference with the work by the defendant or by a separate contractor which was simultaneously installing an air conditioning system in the building. These are: (a) discontinuance of ventilation in the building, causing adverse working conditions for plaintiffs' personnel; (b) other hindrances resulting from the allegedly favored activities of the air-conditioning contractor, including the presence of unnecessary dirt, dust, and debris; (c) the provision of inadequate storage and unloading facilities, work space, elevator service, and office and shop space; and (d) damage to equipment. Another of the claims is for an alleged defective condition of the ceiling, unknown to plaintiffs, which impelled the contractor to expend additional money and effort in attaching hangers and sway braces to the ceiling. In the circumstances here, none of these items can rightly be called a "change", either actual or constructive, within the purview of this Changes article; relief was not available under that provision (or any other to which our attention has been called) for the items as claimed. Rather, all of them were and are, in essence, conventional damage claims for breach by the defendant of specific or implied provisions of the parties' agreement.[1] It is settled that for such claims there is no need to pursue or exhaust the contractual remedies since adequate relief cannot be granted under them. See, e. g., Ekco Products Co. v. United States, 160 Ct.Cl. 75, 84, 312 F.2d 768, 773 (1963).

■ The last of plaintiffs' claims—a reversal of installation sequence in certain areas, and small extras ordered by the defendant—could, in and of themselves, perhaps be read to fall under this Changes article. Nevertheless we hold, for two reasons, that they should be treated in the same fashion as the other claims. The first is that plaintiffs' petition braids these minor claims together with the major ones which are plainly outside the ambit of this Changes clause. The other reason is that these items amount to less than $13,500 out of a total claim of over half-a-million dollars. For both reasons, it would not be just or feasible to separate out this small part and require it to be heard administratively while the bulk of the case is tried in this court. There should be one trial.

■ Finally, we hold that plaintiffs are not estopped from now proceeding in this suit for damages for breach of contract by their initial submission of the claims to the contracting officer under the contract. He had not issued any

---

1. It is significant that (a) the decision the contracting officer would have issued does not refer to the Changes article or use language appropriate for that provision, and (b) in a letter to plaintiffs, dated July 24, 1963, the contracting officer stated that the first inquiry he had to make was "whether the Department has breached its contract" and whether or not there was a "breach of contract" by the Government.

determination by the time plaintiffs changed their mind and filed their petition in this court. Whatever estoppel may lie—and we do not decide whether or not estoppel ever lies—against a contractor who proceeds further in the administrative process than plaintiffs did, we think that the mere submission of a claim of this type to the contracting officer is not a bar, even though that official has undertaken to sift and consider the claim before the court action is commenced.

Defendant's motion for summary judgment is denied. The case is returned to the Trial Commissioner for further proceedings.